UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES MOJAPELO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-cv-1094-JES-JEH |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER AND OPINION

This matter is now before the Court on Defendant Walmart Inc.'s Motion (Doc. 19) for Summary Judgment and Memorandum (Doc. 20) in Support; Plaintiff's Responses in Opposition (Docs. 26-28); Defendant's Reply (Doc. 29); and Plaintiff's Sur-Reply (Doc. 30). For the reasons set forth below, Defendant's Motion (Doc. 19) is GRANTED.

### LEGAL STANDARD

Summary judgment is appropriate where the movant shows, through "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations … admissions, interrogatory answers, or other materials" that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When presented with a motion for summary judgment, the Court must construe the record "in the light most favorable to the nonmovant." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). "The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In order to overcome the undisputed facts set forth in a defendant's motion for summary judgment, a plaintiff cannot rest on the

1

allegations in his complaint but must point to affidavits, depositions, or other evidence of an admissible sort that a genuine dispute of material fact exists between parties. Fed. R. Civ. P. 56(e)(2); *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996). "[I]f the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment." *Waldridge*, 24 F.3d at 920.

## DISCUSSION

Plaintiff filed his Complaint on November 14, 2019, alleging that he had been injured on November 14, 2017, when he slipped, fell, and hit his head on a candy stand at a self-checkout area in Defendant's store. Doc. 1-2, at 1. Two of Defendant's employees, Karen Snow and Josh Palacios, have signed affidavits stating that the incident occurred at least a week or two before November 12, 2017, based on Plaintiff's verbal reports to them. *See* Doc. 20-1 at 1; 20-2, at 1. For the purposes of deciding this Motion for Summary Judgment, the sole issue is whether the undisputed evidence demonstrates that Plaintiff's claim is time-barred based on Illinois' two-year statute of limitations period for personal injuries. *See* Ill. Comp. Stat. § 5/13-202 (2021). Defendant contends it is entitled to summary judgment because there is no genuine issue of material fact that Plaintiff failed to file his Complaint within two years of the alleged injury. Doc. 20, at 4 (citing *Skridla v. General Motors Co.*, 2015 IL App (2d) 141168, ¶¶ 3, 16-20). Plaintiff does not disagree that Illinois law applies or that the applicable limitations period for his claim is two-years. His Responses in opposition generally asks the Court to ignore the affidavits and business records from November 12, 2017, provided by Defendant because they include inadmissible hearsay and are untrustworthy. *See* Docs. 26-28. He also asserts that the formal incident report Defendant issued on November 14, 2017, demonstrates unequivocally that he was injured on that date. *Id*.

2

As indicated above, Plaintiff has filed four documents in support of his position that the Court should deny Defendant's Motion. *See* Docs. 26-28, 30. However, Plaintiff has failed to point to evidence of an admissible sort to demonstrate that a genuine dispute of material fact exists between the Parties – namely that he filed this suit within the statute of limitations. *See* Fed. R. Civ. P. 56(e)(2); *Pelletier*, 516 U.S. at 309. In fact, Plaintiff's own response to interrogatories refutes his conclusory allegation that he was injured on November 14, 2017.

As articulated in the Federal Rules of Civil Procedure, representations to the Court, including those in a complaint, are to be based on "the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). Considering Plaintiff was the party allegedly injured, the date of his abrupt injury should have been within his own knowledge. *See Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006) (A "sudden, traumatic event" involves "force or violence," such that a court can presume "the event immediately placed the plaintiff on notice of her injury and a right of action" regardless of whether any latent conditions arise over time.). And Plaintiff's response to Defendant's First Supplemental Interrogatories from June 2020 demonstrates just that. *See* Doc. 20-4, at 1-2. Although he claimed to be disoriented on the date of injury, he admittedly recalled,

> they asked me to come back in the evenings when the manager was available as it was only the manager who could conduct an investigation and issue a report. *After several diligent attempts*, the plaintiff finally got hold of the manager and talked with him. He, the manager, told the plaintiff that *he had been away for several days when I came into the store several times* looking for him to ask for an incident report; and that the staff had already briefed him about the incident; and that he was still doing the investigation and *I should come back in a few days* when he would have completed the investigation . . . [f]inally, after conducting an investigation, and after talking to his staff and satisfying himself to the occurrence of the incident, the manager agreed to the issuance of the incident report on November 14, 2017.

*Id.* at 2. This admission by Plaintiff indicates he visited Walmart several days in the evenings following the injury to no avail because the manager had been gone during those times that he

3

visited over several days and the manager was the only one who could issue a report. Even when Plaintiff spoke to the manager, he still waited several more days before the manager would ultimately issue the formal incident report on November 14. Notably, Plaintiff's interrogatory response appears to be based on his personal knowledge, not Walmart's reporting. Thus, Plaintiff knew that he had returned to Walmart repeatedly before the store ultimately issued the November 14 report, so he cannot fault Walmart for "misleading" him as to the date of *his* injury.[1]

Assuming Plaintiff was innocently mistaken about the date of his injury when he filed this lawsuit, once being confronted with Defendant's internal reporting on the incident, including earlier employee statements from November 12, and Plaintiff's own recollection described in his response to interrogatories, he remained free to withdraw his Complaint. *See* Fed. R. Civ. P. 41(a). But he didn't—he continued to litigate his claim through summary judgment and still maintains that this case should proceed to trial. Plaintiff does not even supply an affidavit from himself to refute Defendant's evidence but rather cites a formal incident report that no one attests to including the correct date of injury. As indicated in the sworn affidavit from Josh Palacios, the manager who completed the formal incident report, he listed the date and time of the injury, as November 14, 2017 in the report because Plaintiff was unable to provide a date of the incident. Other witness statements similarly stated that the customer was unsure, on November 12 as to when the incident happened but that he reportedly hit his head and informed Karen Snow. *See* Docs. 20-2, at 7; 28, at 19. Although Plaintiff accuses Palacios of providing a "contradictory"

---

[1] It also forecloses Plaintiff's underdeveloped argument regarding equitable tolling. Equitable tolling of a limitations period is appropriate "if despite all due diligence [the plaintiff] is unable to obtain vital information bearing on the existence of his claim. However, if a reasonable person in the plaintiff's position would have been aware within the limitations period of the possibility that its rights have been violated, then equity does not toll the limitations period." *Chapple v. Nat'l Starch & Chem. Co.*, 178 F.3d 501, 505-06 (7th Cir. 1999). Based on the above, Plaintiff admittedly knew that he was injured at Walmart before November 14, 2017. Although he did not need a formal incident report from Walmart to file his lawsuit (nor did he attach one to his Complaint), he also does not claim he could not attain access to Defendant's internal reports regarding his verbal statements to them or that he exercised due diligence but was unable to bring this lawsuit as early as practicable.

statement, his affidavit does not contradict prior deposition or other sworn testimony. *See James v. Hale*, 959 F.3d 307, 315 (7th Cir. 2020) (describing the "sham affidavit rule"). Yet, Palacios' original statement regarding the event was executed on November 12, 2017, wherein he described being approached and told by a customer that he hit his head on the shelf at self-checkout a couple of weeks prior and did not want to fill out paperwork on November 12 but came back on November 14 to do so. Doc. 20-2, at 1-2.

Beyond employee affidavits and the November 14 incident report, Defendant also provides records of "witness statement[s]" that appeared to be authored on November 12, 2017, by the same employees that provided affidavits. Defendants contend that these reports further corroborate the employees' affidavits that the customer (Plaintiff) reported this injury to them, and that this injury occurred a few weeks prior to November 12, 2017. Plaintiff attempts to attack Defendant's internal business records on grounds of hearsay. Even if the Court considered Plaintiff's argument, it does not matter. At summary judgment, a party asserting that a fact cannot be genuinely disputed, can support such assertions by citing to particular parts of materials in the record, including interrogatory answers. Fed. R. Civ. P. 56(c)(1)(A). A party can also use cited materials in the record to demonstrate that "an adverse part cannot produce admissible evidence to support the fact" – i.e. that Plaintiff's injury occurred on November 14. Fed. R. Civ. P. 56(c)(1)(B). The Court need not look any further than Plaintiff's own words in his response to supplemental interrogatories to conclude this incident occurred several days, if not weeks, before November 14, 2017. Moreover, Plaintiff's Response does not offer evidence[2] to

---

[2] Plaintiff does reference his medical records in his Response that "specifically refer to the Walmart accident." Doc. 28, at 8. However, the report from November 21, 2017 that he provides does not discuss anything about a self-reported injury date or the nature of any injury. It simply states Plaintiff was treated for a headache and shoulder pain. *Id.* at 21. In contrast, Defendant provided a copy of a medical report from October 30, 2017, wherein Plaintiff was treated for a head injury from a "direct blow" that occurred 4-5 days prior and did not involve a loss of consciousness but resulted in disorientation and memory loss. Doc. 20-3, at 1. Regardless, neither report describes his injury as having occurred at Walmart, therefore, the Court does not find them relevant to its holding.

5

refute his and Defendant's assertion that the allegedly injury occurred well before November 14. *See also* Fed. R. Civ. P. 56(e)(2),(3)("[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion; [or] grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it[.]").

Thus, the Court finds it is undisputed that Plaintiff failed to file his claim within the applicable two-year statute of limitations period as the incident occurred at least a few days or weeks before November 14, 2017. Therefore, Plaintiff's claim is time-barred and the Court grants summary judgment in Defendant's favor. *Skridla*, 2015 IL App (2d) 141168, ¶¶ 3, 16-20; *Stark v. Johnson & Johnson*, 10 F.4th 823, 829 (7th Cir. 2021) (citing *Witherell v. Weimer*, 421 N.E.2d 869, 874 (Ill. 1981)).

## CONCLUSION

For the reasons set forth above, Defendant's Motion (Doc. 19) for Summary Judgment is GRANTED. The Clerk is directed to close this case.

Signed on this 25th day of January, 2022.

                s/ James E. Shadid
                James E. Shadid
                United States District Judge